IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY<br>Plaintiff<br>vs<br>ASOCIACION DE MIEMBROS DE LA POLICIA DE PUERTO RICO a/k/a LA ASOCIACION DE MIEMBROS DE LA POLICIA DE PUERTO RICO; UNITED STATES OF AMERICA<br>Defendants | CIVIL 17-1167CCC |

**OPINION AND ORDER**

Plaintiff Bautista Cayman Asset Company ("Bautista") started this foreclosure action against defendant Asociación de Miembros de la Policía de Puerto Rico ("AMPPR") on February 6, 2017. Before the Court is AMPPR's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**d.e. 17**), a Motion for Jurisdictional Discovery (**d.e. 18**), and a Motion for the Posting of a Non-Resident Bond (**d.e. 20**) all filed on May 28, 2017, and Bautista's Omnibus Opposition to Defendant's Motion to Dismiss (d.e. 23) filed on July 3, 2017. For the reasons set forth below, AMPPR's motions are DENIED.

**I.   BACKGROUND**

Bautista brought this action against the AMPPR after the association defaulted on the terms of an Amended Loan Agreement the parties entered on May 9, 2013. In its motion to dismiss, the AMPPR argues that Bautista is a "dummy" corporation created for the sole purpose of manufacturing diversity

CIVIL 17-1167CCC                              2

jurisdiction in this District Court and, in the alternative, that diversity jurisdiction does not exist because Bautista's principal place of business is in Puerto Rico. (d.e. 17-1 at p. 2).  Bautista is not registered or authorized as a foreign corporation in the Department of State of Puerto Rico and is therefore barred from initiating a civil action in this jurisdiction.  *Id.*  Bautista responded that diversity jurisdiction exists because it is a citizen of the Cayman Islands and Texas or California, and its activities do not constitute transactions within the meaning of Puerto Rico's General Corporations Act, requiring that it be registered as a foreign corporation.

To contest Bautista's claim for diversity, the AMPPR filed a Motion for Jurisdictional Discovery (d.e. 18) and a Motion for the Posting of a Non-Resident Bond (d.e. 19) to pay the attorneys' fees associated with the discovery.  In its Omnibus Opposition, Bautista claims AMPPR is not entitled to jurisdictional discovery and that AMPPR's request that a bond be imposed is not supported by the Federal Rules of Civil Procedure or this Court's local rules.  Bautista also filed a Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1 (d.e. 27) on November 8, 2017, disclosing that it is wholly-owned by Bautista Cayman Holding Company ("Bautista Holding"), a private corporation.

## II.     RELEVANT LEGAL STANDARDS

Subject-matter jurisdiction involves a court's power to hear a case.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).  The basis for subject-matter jurisdiction "are

CIVIL 17-1167CCC                         3

contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff . . . invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a)." *Arbaugh*, 546 U.S. at 513. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id*. at 514.

Courts may grant a party jurisdictional discovery where it questions a plaintiff's assertion that there is subject matter jurisdiction. However, this "entitlement is not absolute . . . district court[s] have 'broad discretion to decide whether discovery is required.'" *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001) (citing *Sunview Condominium Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997) and *Crocker v. Hilton Int'l Barb., Ltd.*, 976 F.2d 797, 801 (1st Cir. 1992)). "Failure to allege specific contacts . . . in a jurisdictional discovery request can be fatal to that request." *Swiss Am. Bank, Ltd.*, 274 F.3d at 626–27.

The Local Rules of this Court used to permit a defendant to seek an imposition of a bond upon a plaintiff not domiciled in Puerto Rico to secure the costs, expenses, and attorneys' fees associated with an action. *See Pasquali v. Hyatt Hotels of Puerto Rico*, 680 F. Supp. 2d 386, 387 (D.P.R. 2010) (discussing former local Rule 304). However, "[n]either the Federal Rules of Civil Procedure nor the current version of the Local Rules of Civil Procedure provide for the imposition of a non-resident bond." *Nazario*

CIVIL 17-1167CCC                             4

*Sánchez v. Hospicio La Paz*, No. CV 14-1072 (JAG), 2016 WL 8671918, at *3 (D.P.R. Sept. 30, 2016).

### III.   DISCUSSION

#### A.   Subject-Matter Jurisdiction

In its complaint, Bautista asserts diversity of citizenship as the jurisdictional base.  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Bautista attaches to its opposition a Sworn Statement by Joshua Peck, director (d.e. 23-1), and a Certificate of Incorporation (d.e. 23-2), which certify that Bautista is an Exempted Company incorporated in the Cayman Islands and in good standing under the laws of said jurisdiction.  Peck further attests that "representatives of Bautista meet with officers and employees . . . to discuss the Loan Assets . . . in Boston, and those representatives of Bautista who participate in such meetings do so either in person (in Boston) or by telephone or video conference from California or Texas . . . All decisions made by Bautista regarding the Loan Assets . . . are made in California or Texas."  (d.e. 23-1, ¶ 11).  Therefore, Bautista's 'nerve center' for purposes of determining its citizenship under Section 1332(c)(1) is not Puerto Rico.

In terms of AMPPR's argument that Bautista is not authorized to bring suit in this jurisdiction because it is not registered with the Department of State of Puerto Rico, we refer to our decision in *RNPM, LLC v. Cobas-Mondriguez*, 938 F. Supp. 2d 231, 234-35 (D.P.R. 2013), where we held that the creation

CIVIL 17-1167CCC                                  5

or acquisition of debts or mortgage, or the collection or foreclosure of those debts or mortgages does not constitute 'doing business' in Puerto Rico for purposes of Article 13.03 of the General Corporations Act of Puerto Rico. *See also* 14 L.P.R.A. § 3805(a)(7)-(8).  Thus, the doors of this Court are not closed to Bautista.

Having considered the attachments to the opposition, Bautista has established that there is complete diversity between the parties for us to have subject-matter jurisdiction over this action.

### B.   Jurisdictional Discovery

The documents attached to Bautista's opposition (d.e. 23-1, d.e. 23-2, and d.e. 23-3) are sufficient to prove it is not a citizen of Puerto Rico for diversity purposes and thus renders jurisdictional discovery unnecessary at this juncture.  Furthermore, the AMPPR failed to enumerate with any particularity the discovery it intended to pursue in its Motion for Jurisdictional Discovery.  This alone renders AMPPR's motion deficient.  *See Swiss Am. Bank, Ltd.*, 274 F.3d at 626–27.

### C.   Non-Resident Bond

Finally, AMPPR's request that we make an exception in this case and impose a non-resident bond is unwarranted.  The association has neither presented convincing arguments compelling we make such an exception nor does it point to any legal authority which supports its request.  Accordingly, its request that we impose a non-resident bond on Bautista is rejected. *See Nazario Sánchez* 2016 WL 8671918, at *3 (denying motion requesting

CIVIL 17-1167CCC 6

non-resident bond because neither the Fed. R. Civ. P. nor District of Puerto Rico's local rules provide for the imposition of a non-resident bond).

## IV. CONCLUSION

For the reasons stated herein, AMPPR's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**d.e. 17**), Motion for Jurisdictional Discovery (**d.e. 18**), and Motion for the Posting of a Non-Resident Bond (**d.e. 20**) are DENIED.

Having denied these motions, AMPPR's Motion for Stay of Filing of Answer to Complaint (**d.e. 19**) filed on February 28, 2017 has been rendered MOOT. Accordingly, AMPPR SHALL FILE an answer to the complaint NO LATER THAN **AUGUST 2, 2018**.

SO ORDERED.

At San Juan, Puerto Rico, on July 18, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge