IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| BAUTISTA CAYMAN ASSET COMPANY | |
|---|---|
| Plaintiff | CIVIL 17-1167CCC |
| vs | |
| ASOCIACION DE MIEMBROS DE LA POLICIA DE PUERTO RICO a/k/a LA ASOCIACION DE MIEMBROS DE LA POLICÍA DE PUERTO RICO; UNITED STATES OF AMERICA | |
| Defendants | |

**OPINION AND ORDER**

On February 6, 2017, Bautista Cayman Asset Company ("Bautista") filed a Complaint against defendants Asociacion de Miembros de la Policía de Puerto Rico ("Asociación Policía") and the United States of America for collection of monies and foreclosure. The basis for the action is a series of loan agreements, promissory notes, and mortgage notes entered by Asociación Policía and Doral Bank between May 4, 2007 and January 22, 2014. On February 27, 2015, the Office of the Commissioner of Financial Institutions closed the operations of Doral Bank and named the Federal Deposit Insurance Corporation ("FDIC") as receiver. The relevant loan agreements, promissory notes, and mortgage notes were subsequently acquired by Bautista. Asociación Policía defaulted.

Asociación Policía filed a Counterclaim (d.e. 52) on August 2, 2018 requesting that the Court: (1) "use its equity powers to limit the amount that plaintiff can recover from defendant, to avoid an injustice against defendant

and the unjust enrichment of plaintiff; (2) "use its equity powers to limit recovery" due the "fault or negligence" of Doral Bank in creating the 2008 financial crisis; and (3) award defendant damages due to the "fault or negligence" of Doral Bank in creating the 2008 financial crisis. On September 24, 2018, Bautista filed a Motion to Dismiss Counterclaim (**d.e. 59**), which is now before the Court.

**Standard of Review**

Bautista seeks dismissal of the first cause of action under Fed. R. Civ. P. 12(b)(6) and of the second and third causes of action under 12(b)(1). A motion to dismiss is used to evaluate the legal sufficiency of the plaintiff's complaint, not to test the merits of the underlying claims. When considering a motion to dismiss, the Court "must construe the complaint liberally, treating all well pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction over the claim. "If the Court determines that subject matter jurisdiction does not exist it must dismiss the case and not make any determination on the merits of the case." Fernandez Molinary, 203 F. Supp. 2d at 114 (referring to Menendez v. United States, 67 F.Supp. 2d 42, 45 (D.P.R. 1999)). As the party invoking this Court's jurisdiction, Asociación Policía bears the burden of proving subject matter jurisdiction exists. See Murphy v. U.S., 45 F.3d 520, 522 (1st Cir. 1995). When evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the court

may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition." Mercado Arocho v. United States, 455 F. Supp. 2d 15, 17 (D.P.R. 2006).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). As opposed to motions to dismiss under Rule 12(b)(1), the court's "[c]onsideration is limited to the complaint, written instruments that are attached to the complaint as exhibits, statements or documents that are incorporated in the complaint by reference, and documents on which the complaint heavily relies . . . [t]he court should not consider any other documents or pleadings, except for the complaint, to determine jurisdiction." Mercado Arocho, 455 F. Supp. 2d at 19.

## First Cause of Action

Asociación Policía first requests that the Court exercise its equitable powers to limit Bautista's recovery under the doctrine of unjust enrichment and/or *res sic stantibus*. Bautista seeks dismissal on the basis that the counterclaim is legally insufficient pursuant to Rule 12(b)(6).

"[U]nder Puerto Rico law, the doctrine of unjust enrichment does not apply where . . . there is a contract that governs the dispute at issue." <u>Puerto Rico Tel. Co. v. SprintCom, Inc.</u>, 662 F.3d 74, 97 (1st Cir. 2011). Asociación Policía does not contest that this dispute is governed by loan agreements and other documents executed by Asociación Policía and Doral Bank. Accordingly, its unjust enrichment counterclaim fails as a matter of law and is DISMISSED.

The Court will next analyze the *res sic stantibus* claim.

The *rebus sic stantibus* doctrine is not specifically regulated by the Puerto Rico Civil Code. <u>See Casera Foods</u>, 108 D.P.R. at 853. (neither the Spanish nor the Puerto Rico Civil Code contain a provision explicitly regulating the use of rebus sic stantibus). Nonetheless, the Puerto Rico Supreme Court has stated that the *rebus sic stantibus* doctrine may apply as an exceptional remedy to extraordinary circumstances. Id. at 857, <u>Municipio de Ponce v. 292 Autoridad de Carreteras</u>, 153 D.P.R. 1, 36 (2000) (citing Casera, supra). Its application, however, is conditioned on the presence of all of the following elements:

(1) The unforeseeable event has arisen;

(2) as a result thereof, there be an extraordinary difficulty or aggravation of the conditions surrounding the concession to be made by the debtor, so that it becomes significantly more costly for him to comply with his obligation;

(3) the contract does not have a random nature or of pure speculation, with which the parties wanted to foresee in a certain way, the possibility of the event;

(4) the parties' actions be free of deceit, since there are other mechanisms to attend that problem;

(5) the contract is of successive tract or is related to a future moment, so that it has a certain duration;

(6) an unforeseeable circumstance arise, it also being necessary that such a circumstance show some signs of permanence; and

(7) the interested party move the court for relief. Casera, 108 D.P.R. at p. 856.

> For the application of the rebus doctrine to proceed, it is essential that all 7 requirements be met. Failure to comply with one of them prevents the revision of a contract through the application of the rebus sic stantibus legal norm, as it is an exceptional remedy that requires prudence and moderation when imposed. Municipio de Ponce, 153 D.P.R. at 36-37.

In re Chase Monarch Int'l Inc., 581 B.R. 715, 722 (Bankr. D.P.R. 2018).

Asociación Policía relies on Popular de Puerto Rico v. Sucesión Talavera, 174 D.P.R. 686 (2008), where the Supreme Court of Puerto Rico used *rebus sic stantibus* to alter the terms of a right-to-purchase agreement due to the enormous and unforeseeable change in value between when the contract was entered and when the right to purchase was exercised. In the case at bar, Asociación Policía argues that the decline in value of the mortgaged property due to the 2008 economic crisis is an "unforeseeable event" creating an "extraordinary difficulty" in complying with the payments due under the loan agreement. However, the Supreme Court of Puerto has already held that the economic crisis alone is not an unforeseeable event sufficient for the Court to modify the terms of a contract under *rebus sic stantibus*.[1] Oriental Bank v. Perapi, 2014 TSPR 133 (P.R. Nov. 5, 2014). Accordingly, Asociación Policía's counterclaim under *rebus sic stantibus* fails as a matter of law, and shall be DISMISSED.

**Second and Third Causes of Action**

Asociación Policía requests that the Court limit Bautista's recovery and award defendant damages due to "Doral's fault or negligence as a

---

[1] "La crisis económica, sin más, no puede considerarse como una circunstancia imprevisible, por lo que no puede servir como fundamento suficiente para que los tribunales procedan a modificar los términos de un contrato mediante la cláusula rebus sic stantibus." Oriental Bank v. Perapi, 2014 TSPR 133 (P.R. Nov. 5, 2014).

co-participant in the U.S. (and Puerto Rico) mortgage origination industry . . . which in turn caused the collapse of the real estate market" (d.e. 52). Bautista moves to dismiss for lack of subject matter jurisdiction based on the limitations set forth in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821.

FIRREA "requires that claims based on the actions of a failed bank be submitted to the FDIC through its administrative claims process . . . If a claimant does not exhaust his or her administrative remedies, then 'no court shall have jurisdiction over . . . any claim relating to any act or omission of" the failed bank.'" Royal Car Rental, Inc. v. Banco Popular De Puerto Rico, 524 F. App'x 721, 722 (1st Cir. 2013) (quoting 12 U.S.C. § 1821(d)(13)(D)). Parties may not "make an end run around FIRREA's statutory claims process by suing the third-party purchasing bank." Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013).

Both of Asociación Policía's claims are based on actions taken by Doral Bank, a failed bank for which the Federal Deposit Insurance Corporation was named as receiver. Asociación Policía has not alleged that it exhausted administrative remedies as required under 12 U.S.C. § 1821(d)(13)(D)). Accordingly, the Court has no subject matter jurisdiction over Asociación Policía's second and third counterclaims, and they shall be DISMISSED.

**Conclusion**

Having considered the Motion to Dismiss Counterclaim (**d.e. 59**) as well as Asociación Policía's Opposition (d.e. 63), Bautista's Reply (d.e. 67), and

CIVIL 17-1167CCC 7

Asociacion Policía's Sur-Reply (d.e. 70), Bautista's Motion to Dismiss Counterclaim (**d.e. 59**) is GRANTED. Partial Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on January 9, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge