IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY<br>Plaintiff<br>vs<br>ASOCIACION DE MIEMBROS DE LA POLICIA DE PUERTO RICO a/k/a LA ASOCIACIÓN DE MIEMBROS DE LA POLICIA DE PUERTO RICO; UNITED STATES OF AMERICA<br>Defendants | CIVIL 17-1167CCC |

**OPINION AND ORDER**

On February 6, 2017, Bautista Cayman Asset Company ("Bautista") filed a Complaint against defendants Asociación de Miembros de la Policía de Puerto Rico ("Asociación Policía") and the United States of America for collection of monies and foreclosure. The basis for the action is a series of loan agreements, promissory notes, and mortgage notes entered by Asociación Policía and Doral Bank between May 4, 2007 and January 22, 2014. On February 27, 2015, the Office of the Commissioner of Financial Institutions closed the operations of Doral Bank and named the Federal Deposit Insurance Corporation ("FDIC") as receiver. The relevant loan agreements, promissory notes, and mortgage notes were subsequently acquired by Bautista. Asociación Policía defaulted.

Before the Court is Bautista's Motion for Summary Judgment (**d.e. 33**) filed January 19, 2018; Asociación Policía's Opposition (d.e. 64) filed

October 16, 2018; Bautista's Reply (d.e. 67) filed November 12, 2018; and Asociación Policía's (d.e. 70) Sur-Reply filed December 17, 2018.

## STANDARD OF REVIEW

The standard applicable to summary judgment motions was summarized by the Court of Appeals in Johnson v. University of Puerto Rico, 714 F.3d 48, 52 (1st Cir. 2013):

> Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Cox v. Hainey, 391 F.3d 25, 29 (1st Cir. 2004). We look to the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits in making the determination. Thompson [v. Coca-Cola Co.], 522 F.3d [168,] at 175 [(1st Cir. 2008)]. A dispute is genuine if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." Id. (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)) (internal quotation mark omitted). A fact is material if it has potential to determine the outcome of the litigation. Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008).

Once a properly supported motion has been presented, where a nonmovant bears the burden of proof on an issue, the nonmovant must point to competent evidence and specific facts to defeat summary judgment. Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011). The evidence proffered must be "significantly probative of specific facts," Pérez v. Volvo Car Corp., 247 F.3d 303, 317 (1st Cir. 2001), and the "mere existence of a scintilla of evidence" in support of the nonmovant's position is insufficient, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986).

## UNCONTESTED FACTS

The Court adopts Bautista's Statement of Uncontested Material Facts (d.e. 33-1) as set forth due to defendant's failure to deny any of the facts contained therein. Instead of contesting Bautista's statements, Asociación Policía's Counterstatement of Uncontested Material Facts (d.e. 64-1) raises new facts in support of the equitable defense of unjust enrichment and/or *rebus sic stantibus*. In an Opinion and Order issued on January 19, 2020 (d.e. 74) the Court has already held that these facts fail as a matter of law to establish either defense.

## DISCUSSION

There is no genuine dispute of material fact as to existence or the validity of the agreements executed between Bautista and Asociación Policía; Asociación Policía's default; or the amounts due under the contract. Accordingly, summary judgment in favor of Bautista is appropriate.

Bautista also seeks summary judgment to extinguish the United States' junior liens on the mortgaged property. However, as default has been entered against the United States (d.e. 14) and foreclosure and sale of the property have not occurred, plaintiff's Motion for Summary Judgment is not the correct procedural vehicle to extinguish said liens.

## CONCLUSION

Having considered Bautista's Motion for Summary Judgment (**d.e. 33**), Asociación Policía's Opposition (d.e. 64) and Sur-Reply (d.e. 70), and

Bautista's Reply (d.e. 67), the Motion for Summary Judgment (**d.e. 33**) is GRANTED as to defendant Asociación Policía and DENIED as to defendant United States.  Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico this 5th day of February, 2020.

                                                       S/GUSTAVO A. GELPÍ
                                                       Chief United States District Judge